**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LENWOOD HAMILTON, a/k/a Hard Rock or Skip Hamilton, | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 2:17-cv-00169-AB |
| | : |
| LESTER SPEIGHT, a/k/a Rasta the Urban Warrior a/k/a Augustus "Cole Train" Cole; EPIC GAMES, INC.; MICROSOFT, INC., a/k/a Microsoft Corporation; MICROSOFT STUDIOS, a division or subsidiary or trade name of Microsoft, Inc., a/k/a Microsoft Corporation; THE COALITION, a trade name of Microsoft Canada Development Centre d/b/a Microsoft Vancouver ("MCDC"), where MCDC is a wholly-owned subsidiary of Microsoft, Inc. a/k/a Microsoft Corporation, | : Filed Electronically |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>PLAINTIFF'S FOR AN EXTENSION OF ALL DEADLINES</u>**

Plaintiff, Lenwood Hamilton, respectfully submits this memorandum of law in support of his request that this Court extend all deadlines in its February 28, 2018 Amended Scheduling Order (ECF Doc. No. 52).

**I.    <u>INTRODUCTION</u>**

Plaintiff, Lenwood Hamilton, by and through his attorneys, hereby respectfully requests that this Court issue an Order, in the form attached hereto, amending its current Scheduling Order and extending all deadlines by 120 days, except for expert-related deadlines, which would be extended by 180 days. The additional 60-day extension that is requested with respect to expert-related discovery is due to the experts' need for approximately 60-90 days to prepare their expert reports from the time that the fact discovery is complete.

No trial date has been set, and this request is being filed before the expiration of any of the current deadlines.  As discussed below, this request is being made in good faith, for good cause, and without any bad faith or undue purpose.  This is plaintiff second request for an extension, the first being necessary due to an injury sustained by former defense counsel.

The deadlines in the current Scheduling Order (ECF No. 53) are:

| | |
|---|---|
| Fact discovery completion date: | June 29, 2018 |
| Plaintiff's expert reports due: | July 16, 2018 |
| Defendant's expert reports due: | August 13, 2018 |
| Expert depositions completion date: | September 13, 2018 |
| Dispositive motions due: | October 4, 2018 |

The proposed new deadlines are:

| | |
|---|---|
| Fact discovery completion date: | October 29, 2018 |
| Plaintiff's expert reports due: | November 13, 2018 |
| Defendant's expert reports due: | February 11, 2019 |
| Expert depositions completion date: | March 11, 2019 |
| Dispositive motions due: | April 5, 2019 |

## II.   FACTUAL & PROCEDURAL BACKGROUND

Recently, plaintiff engaged new attorneys who have now substituted into this case, and who have replaced plaintiff's former attorney, Bruce Chasan.  Plaintiff's new counsel have only recently – on May 15, 2018 – received from former counsel the voluminous files in this case, and new counsel is diligently reviewing and analyzing those files.  (*See* accompanying declaration of John M. Pierce (the "Pierce Declaration"), ¶ 2; s*ee also,* ECF No. 51 at 5.)  Plaintiff's counsel also anticipates that discovery related to damages will be extensive and voluminous.

As a result of the recent review of the files in this case, the plaintiff's new counsel have determined that the plaintiff will be filing a Motion for Leave to Amend the Second Amended Complaint in order to add three new causes of action for Fraud, Intentional Concealment, and Negligent Misrepresentation, which new causes of action will be accompanied by respective requests for disgorgement of profits based on two fundamental legal and equitable principles: (1)

unjust enrichment, and (2) the venerable principle that a party should not be entitled to profit from the party's own wrongful conduct, particularly when such conduct is fraudulent and/or when the party intentionally conceals the wrongful conduct for financial gain.  (*See* Pierce Declaration, ¶ 3.)

The plaintiff's new counsel believes that much-needed evidence, which will shed additional light on the three new causes of action that are stated in the previous paragraph, is obtainable through additional discovery, including additional depositions of the defendants in this case. (*See* Pierce Declaration, ¶ 4.)

Plaintiff initiated discovery in this action on March 8, 2017, by serving its First Sets of Requests for Production on (1) defendants Lester Speight, Microsoft, Inc., Microsoft Studios, and The Coalition (hereinafter, the "Microsoft Defendants"); and (2) defendant Epic Games, Inc. (*See* ECF No. 28-3 and 28-4.)  The Microsoft Defendants, however, immediately filed a Motion to Dismiss the then-operative pleading, the Amended Complaint.  (Motion to Dismiss (ECF No. 25).)

Shortly thereafter, on March 22, 2017, the Microsoft Defendants moved for a protective order to stay discovery pending the outcome of their Motion to Dismiss.  (Motion to Stay (ECF No. 28).)  The Court granted the Motion to Stay and also set a schedule for the filing of a Second Amended Complaint and the briefing on any motion to dismiss the Second Amended Complaint. (Order (ECF No. 31).)

Plaintiff filed his Second Amended Complaint on April 14, 2017. (ECF No. 33). On April 24, 2017, the defendants filed a Motion to Dismiss the Second Amended Complaint.  (ECF No. 35).  The Court issued its ruling on the Motion to Dismiss on December 17, 2017, and ordered that the motion be denied.  The Court also stated in its ruling that the Court would be issuing a

scheduling order.  (Order (ECF No. 43).)  The Scheduling Order, filed on December 18, 2017,

set a deadline for all discovery, including expert discovery, to be completed by April 13, 2018,

with dispositive motions due by April 27, 2018.  (Scheduling Order (ECF No. 44).)

       In late February 2018, former counsel for the plaintiff notified the court that he had

suffered an injury, could not engage in discovery, and requested a short continuance to

accommodate his condition.  (*See* Request (ECF No. 51).)  Defendants did not object to the

request.  (*See* ECF No. 52).  The Court graciously granted the extension request and issued a new

Scheduling Order.  (Scheduling Order (ECF No. 53).)  Under the new Scheduling Order, all fact

discovery is to be completed by June 29, 2018, all expert discovery is to be completed by

September 13, 2018, and dispositive motions are due by October 4, 2018.

       It is apparent that the parties are still in the process of gathering critical information and

completing discovery, and that the defendants delayed critical fact discovery until just days

before the cutoff and did not proceed with discovery in an orderly and timely fashion to prevent

prejudice to plaintiff.  For example, defendants' counsel recently served a notice of deposition

for the plaintiff, Lenwood Hamilton.  Defendants set plaintiff's deposition for June 19, 2018, a

mere ten days before the current June 29, 2018, cutoff.  Similarly, defendants' counsel recently

served a subpoena *duces tecum* for a key witness in the case, forensic voice examiner Thomas J.

Owen, of Owen Forensic Services, LLC, with a return date of June 18, 2018.  (Mr. Owen was

specifically identified as a key witness in the original Complaint and in all subsequent iterations.

(*See*, *e.g.*, Complaint ¶¶ 62-65 (ECF No. 1, at 12-13).)

       In addition, defendant Microsoft has not complied with the plaintiff's discovery requests

that are vital to plaintiff's ability to fairly assess damages because it is refusing to produce

documents related to the sales of Xbox One, which is directly related to the defendants' bundling

of the Gears of War video game with the Xbox One console. Defendant Microsoft is also refusing to produce licensing agreements related to sales of Gears of War merchandise.  Plaintiff recently sent an extensive meet-and-confer letter to defendants on these issues but was told no response would be immediately forthcoming because key personnel were out of town.

In the meantime, plaintiff's damage experts are stymied in their ability to fairly prepare the expert reports by the current July 16, 2018, deadline because they need sufficient time, a minimum of 60-90 days, to properly assess the relevant documents and data possessed by defendants.

Moreover, plaintiff's new counsel wishes to pursue a slightly different approach to the case from its predecessor based on plaintiff's new counsel's recent study of the files in the case. Plaintiff's new counsel believes that additional discovery will be required in order to prove the additional three causes of action that plaintiff's new counsel plans to include, with the Court's permission following the plaintiff's motion to amend its Second Amended Complaint by filing a Third Amended Complaint.

Furthermore, the defendants were not disabled or otherwise foreclosed from continuing to engage in discovery while plaintiff's prior counsel was apparently disabled for approximately 70 days and thus defendants have effectively been afforded 190 days to complete non-expert discovery.  In this regard, granting all parties an extension of 120 days of the current deadlines for general discovery and 180 days for expert-related discovery in the Scheduling Order would not provide an unfair advantage or bonus of any kind to plaintiff but would instead allow the Court to level the playing field with respect to the 70 days extra time serendipitously afforded to the defendants after plaintiff's prior counsel became injured.

In any event, the Plaintiff is not requesting that this extension of the discovery cut-off dates in the current discovery schedule apply only to the plaintiff.  Both sides would share equally in the benefits of extended discovery cut-off dates.

Plaintiff will be significantly prejudiced if he is not permitted an opportunity to overcome these obstacles to better assess the case, amend its Second Amended Complaint, complete the necessary unfinished discovery based on the old and new causes of action, attempt to negotiate a settlement, and prepare for trial.  Finally, as the defendants have already received a discovery windfall due to the injury to the plaintiff's prior counsel, there appears to be no danger of prejudice to the defendants from the requested extensions in the discovery cut-off dates.

## III.   LEGAL STANDARD

In general, Fed. R. Civ. P. 16(b)(4) governs extensions of time limits imposed once a scheduling order has been set.  The Court, under Fed. R. Civ. P. 16(b)(4), may modify a schedule "for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "In order to establish good cause, the [moving party] should demonstrate that a more diligent pursuit of discovery was impossible."  *See*, *e.g.*, *Welton v. Consolidated Rail Corp.*, 92-cv-1679, 1993 WL 4176, *1 (E.D. Pa. 1993); *Comuso v. National R.R. Passenger Corp.*, 97-cv-7891, 1998 WL 800342, *1 (E.D. Pa. 1998) (same); *see also,* Advisory Committee Note (1983) ("[t]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").  "In contrast to Fed. R. Civ. P.  15(a), the good cause standard under Rule 16(b) hinges on the diligence of the movant, and not on prejudice to the non-moving party."  *See*, *e.g.*, *Pulchalski v. Franklin County*, 15-cv-1365, 2016 WL 1363764, *2 (M.D. Pa. 2016).

IV.   **ARGUMENT**

The present circumstances warrant the requested extension of the Court's current Scheduling Order.  (ECF No. 53.)   Specifically, there is no indication that plaintiff has not been proceeding diligently to complete discovery.  On the contrary, two roadblocks to completing discovery were unexpectedly put in plaintiff's path.  First, an extended stay on plaintiff's discovery, at the request of defendants, while the Court considered defendants' motion to dismiss, which motion the Court later denied in its entirety.  Second, the unanticipated injury to plaintiff's former counsel in this case, which sidelined plaintiff from effectively engaging in discovery but did not prevent or preclude defendants from continuing to engage in discovery.

Plaintiff should be afforded a full and fair opportunity to conduct the discovery necessary to obtain information essential to the proper litigation of all relevant facts and to eliminate surprise at trial.  *See United States v. Procter & Gamble Co.,* 356 U.S. 677, 682-83 (1958) ("Modern instruments of discovery . . . together with pretrial procedures make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent") (internal citations omitted).

Furthermore, plaintiff's new counsel is in the midst of obtaining a clearer and more accurate understanding of the facts of the case, which it could not obtain before the substitution became effective and before the case files were actually transferred. Additionally, the discovery process has been impeded by defendants' recent request to take plaintiff's deposition and subpoena a key witness a few days before the discovery cutoff combined with the defendants' failure to provide to the plaintiff with vital discovery in a timely fashion so as to allow plaintiff's experts an adequate window to prepare their expert reports.

The request for the extensions to the current Scheduling Order is made in good faith, and is not made for any undue purpose.  The request is made to avoid  prejudice to plaintiff due to all of the foregoing factors and to enhance the opportunity for a fair trial.  This is not a garden-variety case.  This case involves damages arising from the wrongful use of plaintiff's likeness, image, voice, and accoutrements that allowed the defendants to sell products valued at well over a billion dollars, which sales have been ongoing for many years.

The plaintiff's prior counsel, Bruce Chasan, has recently been replaced by new counsel, Pierce Bainbridge Beck Price & Hecht LLP. It was not until May 15, 2018, that plaintiff's new counsel received from the former counsel the voluminous files in this case. (*See* Pierce Declaration, ¶ 2.)  Upon diligently analyzing these files, plaintiff's new counsel has determined that plaintiff will be filing a Motion for Leave to Amend the Second Amended Complaint in order to add three key causes of action for Fraud, Intentional Concealment, and Negligent Misrepresentation. (*See* Pierce Declaration, ¶ 3.)  These three new causes of action will be accompanied by respective requests for disgorgement of profits, which will be based on the venerable equitable and legal principles of unjust enrichment and the maxim that a party should not be entitled to profit from the party's own wrongful conduct, particularly when such conduct is fraudulent and/or when the party intentionally or negligently conceals the wrongful conduct for the party's own financial gain. (*See* Pierce Declaration, ¶ 3.)  The plaintiff's new counsel believes that there is much needed evidence that will be obtained from discovery that is related to the above-stated three new causes of action, which the plaintiff's prior counsel had not directly explored. (*See* Pierce Declaration, ¶ 4.)

Finally, the proposed extension will not disrupt or otherwise interfere with the trial date or pre-trial matters because no trial date has been set.

V.    **CONCLUSION**

For the reasons stated, plaintiff respectfully requests that the Court grant plaintiff's herein

motion to enter the proposed order included herewith.

Respectfully submitted:

_/s/ Benjamin E. Gordon_
Joe N. Nguyen (Pa. ID No. 93638)
Benjamin E. Gordon (Pa. ID No. 311741)
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
T: (215) 564-8000
F: (215) 564-8120
E: jnguyen@stradley.com;
    bgordon@stradley.com

 - and -

John M. Pierce, Esquire (admitted *pro hac vice*)
Carolynn Beck, Esquire (admitted *pro hac vice*)
Maxim Price, Esquire  (admitted *pro hac vice*)
PIERCE BAINBRIDGE
BECK PRICE & HECHT LLP
600 Wilshire Boulevard, Suite 500
Los Angeles, CA 90017
T:  (213) 262-9333
E:  john@piercebainbridge.com;
    carolynn@piercebainbridge.com;
    max@piercebainbridge.com

*Counsel for Plaintiff, Lenwood Hamilton*

Dated: June 15, 2018