**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LENWOOD HAMILTON, | : | |
|     Plaintiff, | : | |
| | : | |
|   v. | : | CIVIL ACTION |
| | : | No. 2:17-cv-00169-AB |
| LESTER SPEIGHT, *et al.*, | : | |
|     Defendants. | : | |

**January 10th, 2019**                                                                         **Anita B. Brody, J.**

### MEMORANDUM

Plaintiff Lenwood Hamilton ("Hamilton") moves for leave to file a Third Amended Complaint. Defendants Microsoft, Inc., Microsoft Studios, The Coalition, Epic Games, Inc., and Lester Speight (collectively, "Defendants") oppose Hamilton's motion. Defendants argue that Hamilton's motion was filed in bad faith after undue delay and that the new amended complaint would be futile and prejudicial to Defendants. I will grant Hamilton's motion in part and deny it in part.

**I.    BACKGROUND**

On January 11, 2017, Hamilton filed this action. On April 14, 2017, Hamilton filed the operative Second Amended Complaint ("SAC"). *See* Dkt. No. 33. The SAC includes claims for (1) unauthorized use of name or likeness (including voice) in violation of 42 Pa.C.S.A. § 8316; (2) false description, and deception as to affiliation, connection, association, sponsorship, and/or approval or endorsement under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); (3) unjust enrichment; (4) misappropriation of publicity; and (5) invasion of privacy by misappropriation of identity. *See* SAC ¶¶ 86-105.

On October 25, 2018, Hamilton filed the pending Motion for Leave to file a Third Amended Complaint. The proposed Third Amended Complaint ("TAC") departs from the operative SAC in three ways. First, the proposed TAC adds a claim for intentional nondisclosure. Second, the proposed TAC does not include Hamilton's Lanham Act claim. Third, the proposed TAC includes revised factual allegations to comport with the revised claims.

## II.    LEGAL STANDARD

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). "[M]otions to amend pleadings should be liberally granted." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). Specifically, "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Id.* (internal quotation marks, brackets, and emphasis omitted).

"Leave to amend is properly denied if amendment would be futile, *i.e.*, if the proposed complaint could not 'withstand a renewed motion to dismiss.'" *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)). "In assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (internal quotation marks omitted). In reviewing a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir.

2011) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

**III.   DISCUSSION**

I will grant Hamilton's motion for leave to amend his complaint to remove his Lanham Act claim. I will deny Hamilton's motion as it relates to: (1) his proposed addition of an intentional nondisclosure claim; and (2) his proposed revision of his factual allegations.

**A.  Proposed Removal of the Lanham Act Claim**

Hamilton seeks to remove his Lanham Act claim from the TAC. Defendants assert that Hamilton's request is made in bad faith and should be denied. Specifically, Defendants contend that Hamilton's request to abandon his Lanham Act claim is an effort to avoid paying prevailing-party attorneys' fees to Defendants under the Lanham Act's attorneys' fees provision. The Lanham Act's fee shifting provision, 15 U.S.C. § 1117(a), allows the prevailing party to recover fees in "exceptional circumstances" where there is an unusual discrepancy in the merits of the positions taken by the parties or the losing party has litigated the case in an "unreasonable manner." *See, e.g.*, *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 315 (3d Cir. 2014). Accordingly, Defendants request that Hamilton be forced to litigate his claim to judgment so that Defendants may become the "prevailing party" and attempt to recover fees.

I will grant Hamilton's motion for leave to amend his complaint to remove his Lanham Act claim. Hamilton's request to abandon his claim at this point in the litigation is well within the ambit of the Third Circuit's liberal standard for allowing leave to file amended pleadings.

Allowing Hamilton to amend will streamline the action and free Defendants from further litigating this claim.  Allowing Hamilton to amend will also avoid the undesirable alternative: forcing Hamilton to litigate to final judgment a claim that he no longer wishes to prosecute.

### B.  Proposed Addition of a Claim for Intentional Nondisclosure

Hamilton seeks to add a claim for intentional nondisclosure under Pennsylvania law.[1] Specifically, Hamilton alleges that Defendants intentionally failed to disclose to Hamilton material facts relating to Defendants' misappropriation of Hamilton's image, likeness, persona, and voice.  Defendants' respond that the Court should deny Hamilton's motion because Hamilton's claim for intentional nondisclosure is futile.

In Pennsylvania, "[t]he tort of intentional non-disclosure has the same elements as intentional misrepresentation except in the case of intentional non-disclosure, the party intentionally conceals a material fact rather than making an affirmative misrepresentation." *Bortz v. Noon*, 556 Pa. 489, 499, 729 A.2d 555, 560 (1999) (quotation marks omitted).  "While concealment may constitute fraud, however, mere silence is not sufficient in the absence of a duty to speak." *Wilson v. Donegal Mut. Ins. Co.*, 598 A.2d 1310, 1315–16 (Pa. Super. Ct. 1991) (noting Pennsylvania's reliance on Restatement (Second) of Torts § 551).  Pennsylvania courts continue to rely on the Restatement (Second) of Torts § 551 to define the scope of a party's duty to disclose. *See LEM 2Q, LLC v. Guar. Nat'l Title Co.*, 144 A.3d 174, 181 (Pa. Super. Ct. 2016) (quoting and applying § 551).  Section 551 states that a party is "under a duty to exercise reasonable care to disclose [information] to the other" where the two parties are engaged in a "business transaction." *See* Restatement (Second) of Torts § 551.

---

[1] By their citations in the proceedings and briefing for this motion, Parties agree that Pennsylvania law applies to Hamilton's claim. *See* Br. in Supp. of Pl.'s Mot. at 12-15; Defs.' Br. in Opp. to Pl.'s Mot. at 5-7.

I will deny Hamilton's motion to amend his complaint to include a claim for intentional nondisclosure because Hamilton's proposed claim would be futile. Hamilton fails to allege facts sufficient to plausibly suggest that any Defendant had a duty to disclose anything to Hamilton. Hamilton alleges no factual basis—a business transaction or any other sort of special relationship—on which a duty to disclose could possibly be based under Pennsylvania law. For this reason, Hamilton's claim for intentional nondisclosure is not facially plausible, *see Warren*, 643 F.3d at 84, and Hamilton fails to state a claim for intentional nondisclosure.

### C. Proposed Revision of Factual Allegations

Because I find that Hamilton's new claim for intentional nondisclosure is futile, Hamilton's existing factual allegations sufficiently state the factual basis for the claims for which he continues to seek relief. Given the late date at which Hamilton petitions to add the factual allegations and the fact that Hamilton may present these factual allegations on summary judgment or at trial regardless of whether they are included in the complaint, I will deny Hamilton's request to amend the factual allegations.

### IV. CONCLUSION

I will grant Hamilton's motion for leave to amend his complaint to remove his Lanham Act claim. I will deny Hamilton's motion as it relates to: (1) his proposed addition of an intentional nondisclosure claim; and (2) his proposed revision of his factual allegations.

                                                          s/Anita B. Brody

                                                          _____
                                                          ANITA B. BRODY, J.

Copies **VIA ECF** on  1/10/2019